CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Krystle Rodriguez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-00052 |
| | ) | |
| John Bruce Moubray, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Krystle Rodriguez is an inmate at the Fluvanna Correctional Center for Women ("F.C.C.W.") in Troy, Virginia. She alleges that Defendant John Bruce Moubray, a corrections officer, touched her inappropriately without her consent. Her complaint alleges a claim under 42 U.S.C. § 1983 for a violation of the Eighth Amendment to the United States Constitution, as well as state-law claims for sexual abuse and assault and battery. This matter is before the court on Moubray's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 5.) For the reasons stated below, the court will grant the motion in part and deny in part.

**I.   Background**

The court accepts the facts alleged in Rodriguez's complaint as true when resolving the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). During the relevant period, Rodriguez was incarcerated at F.C.C.W., and Moubray worked as a corrections officer at the facility. (Compl. ¶¶ 1–2 (Dkt. 1).) Around Christmas in 2024, Moubray approached

Rodriguez as she was speaking on the telephone and told her to "give me that foot." (*Id.* ¶ 3.) He reached to grab her foot, but she pulled it away. (*Id.*) Around January 7, 2025, Moubray grabbed Rodriguez's bare left arm from behind as she was using a microwave and stated, "aren't my hands cold, but they're soft." (*Id.* ¶ 4.) Rodriguez later observed Moubray watching her. (*Id.*) He also called her several times over the intercom in her cell, and she told him to leave her alone. (*Id.*) He then tried to open her cell door, but she was able to close it. (*Id.*) A few days later, around January 10, 2025, Moubray approached Rodriguez from behind as she was working inside the facility. (*Id.* ¶ 5.) On that occasion, he "ran his hands down her shoulder to her breasts and to her waist, stating 'Hey Sweetheart.'" (*Id.*)

Rodriguez promptly reported the incidents to staff at F.C.C.W. (*Id.* ¶ 6.) On January 29, 2025, she received a letter from the Prison Rape Elimination Act ("PREA") Compliance Manager "substantiating [her] allegations after an investigation." (*Id.*)

Rodriguez filed a complaint against Moubray in this court on June 25, 2025. (*See* Compl.) The complaint includes three causes of action. The first count alleges a § 1983 claim for a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, which the Fourteenth Amendment incorporates against the states. (*Id.* ¶¶ 7–9.) The second and third counts allege claims under Virginia law for sexual abuse and assault and battery, respectively. (*Id.* ¶¶ 10–13.) Rodriguez seeks compensatory and punitive damages as well as attorney's fees and costs. (*Id.* at 3.)

On August 5, 2025, Moubray filed an answer to the complaint, a Rule 12(b)(6) motion to dismiss, and a memorandum in support of that motion. (Answer (Dkt. 3); Mot. to Dismiss (Dkt. 5); Def.'s Mem. (Dkt. 5-1).) Rodriguez filed a response in opposition to the motion to

dismiss on August 18, 2025. (Pl.'s Opp'n (Dkt. 7).) Moubray did not file a reply. Having reviewed the parties' arguments, the court concludes that oral argument is unnecessary and will resolve the motion on the briefs.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a Rule 12(b)(6) motion, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

## III. Analysis

### A. Section 1983 Claim for Eighth Amendment Violation

Moubray argues that Rodriguez has failed to state a § 1983 claim because she has not alleged misconduct that could plausibly amount to an Eighth Amendment violation. (Def.'s Mem. at 3–5.) The court disagrees and concludes that Rodriguez has pled enough facts at this juncture to avoid dismissal of this claim.

"Section 1983 enables an individual to recover damages from a state or local official for the deprivation of a constitutional right." *Chiaverini v. City of Napoleon*, 602 U.S. 556, 562 (2024). The Eighth Amendment guarantees inmates the right to be free from "cruel and unusual punishments." U.S. Const. amend. VIII. It "protects inmates from inhumane treatment and conditions while imprisoned." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citation omitted). To establish that a prison officer violated the Eighth Amendment, an inmate "must demonstrate that the deprivation was[] 'objectively, sufficiently serious'" and "that the prison official had a 'sufficiently culpable state of mind.'" *Ford v. Hooks*, 108 F.4th 224, 230 (4th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the objective prong, the deprivation must "pose[] a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (internal quotation marks omitted). When determining whether a risk is "substantial," a court must consider "whether society considers the risk . . . to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

The Fourth Circuit has recognized that the sexual abuse of an inmate by a corrections officer is "objectively, sufficiently serious" for purposes of the Eighth Amendment. In a recent published decision, it stated that "[a] corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or to humiliate the inmate, violates the Eighth Amendment." *Johnson v. Robinette*, 105 F.4th 99, 122 (4th Cir. 2024)

(quoting *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015)). The Fourth Circuit explained that such conduct does not "comport with contemporary standards of decency," "has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* (quoting *Sconiers v. Lockhart*, 946 F.3d 1256, 1259 (11th Cir. 2020)).

Rodriguez's allegations about Moubray's harassing conduct are rather limited, but one of the incidents she describes appears to involve the sort of touching that *Johnson* classifies as an Eighth Amendment violation. Moubray allegedly made intentional contact with an intimate area when he "ran his hands down her shoulder to her breasts and to her waist, stating 'Hey Sweetheart.'" (Compl. ¶ 5.) The allegations do not describe how long the touching lasted or otherwise elaborate on the incident, but it is plausible that Moubray's conduct violated contemporary standards of decency under the framework the Fourth Circuit outlined in *Johnson*. *See Johnson*, 105 F.4th at 122 (looking to the definition of "sexual abuse" in the PREA's implementing regulations, 28 C.F.R. § 115.6(5), which includes "intentional contact, either directly or through the clothing, of or with the genitalia, anus, groin, breast, inner thigh, or the buttocks, that is unrelated to official duties or where the staff member . . . has the intent to abuse, arouse, or gratify sexual desire").

Rodriguez's allegations also support a reasonable inference that Moubray acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The comment he allegedly made while touching Rodriguez—"Hey Sweetheart"—suggests he acted with the subjective intent to gratify his sexual desire or to humiliate her. There is certainly no indication that he had a legitimate penological purpose for touching her. *See Johnson*, 105 F.4th at 122. Although

- 5 -

factual development ultimately may show that Moubray's conduct did not violate the Eighth Amendment, the alleged facts indicate "more than the mere possibility" of a constitutional violation. *Iqbal*, 556 U.S. at 679.

Moubray does not cite any authority that supports dismissal here. He first points to a decision in this district which held that an inmate had not sufficiently alleged that his sexual harassment by corrections officers satisfied the objective element of an Eighth Amendment violation. *Snodgrass v. Messer*, No. 7:16-cv-00050, 2017 WL 975992, at *5 (W.D. Va. Mar. 10, 2017). There, however, the alleged harassment did not involve any physical touching. Moubray also cites the Second Circuit's decision in *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997), which held that an inmate's allegations of non-consensual touching were insufficient to state an Eighth Amendment claim. In a 2015 decision, though, the Second Circuit acknowledged that the result in *Boddie* "would likely be different . . . today" because "societal standards of decency regarding sexual abuse and its harmful consequences ha[d] evolved" since the *Boddie* decision. *Crawford*, 796 F.3d at 256.

Moubray briefly argues that the Eighth Amendment right he allegedly violated was not clearly established at the time of his conduct, so he should receive qualified immunity. (Mot. to Dismiss at 1–2; Def.'s Mem. at 3–5.) Government officials are entitled to qualified immunity if "their conduct does not violate clearly established constitutional or other rights that a reasonable officer would have known." *Johnson*, 105 F.4th at 122 (quoting *Sims v. Labowitz*, 885 F.3d 254, 260 (4th Cir. 2018)); *see Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). To determine whether a right was clearly established, the court asks "whether, when the defendant violated the right, there existed either controlling authority—such as a published

opinion of [the Fourth Circuit]—or a robust consensus of persuasive authority that would have given the defendant[] fair warning that [his] conduct was wrongful." *Turner v. Thomas*, 930 F.3d 640, 644–45 (4th Cir. 2019) (internal quotation marks and citations omitted).

Aside from citing the *Snodgrass* and *Boddie* decisions, Moubray makes no effort to develop his argument that Rodriguez lacked a clearly established right. Moubray bears the burden of showing that the asserted right was not clearly established, *Stanton v. Elliott*, 25 F.4th 227, 233 (4th Cir. 2022). To dismiss Rodriguez's § 1983 claim based on qualified immunity, the face of the complaint must show that Moubray is entitled to such an affirmative defense. *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011). Moubray does not acknowledge the Fourth Circuit's decision in *Johnson*. Nor does he address or attempt to distinguish the case law Rodriguez cites from other circuits, which adopted the same rule the Fourth Circuit recognized in *Johnson* and, in multiple cases, allowed inmates' Eighth Amendment claims based on sexual touching to proceed. (*See* Pl.'s Opp'n at 2–4); *see also Ullery v. Bradley*, 949 F.3d 1282, 1294–1301 (10th Cir. 2020) (relying on a "consensus of persuasive authority" from sister circuits to hold that an inmate had a clearly established right to be free from sexual abuse involving the forcible touching of her breasts and genitals). Thus, at this stage, the court finds that Moubray has not met his burden to show that the right he allegedly violated was not clearly established. *See Stanton*, 25 F.4th at 233.

Lastly, Moubray argues that the § 1983 claim should be dismissed because Rodriguez has not alleged that she exhausted administrative remedies. (Def.'s Mem. at 5–7.) The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all administrative remedies before filing a § 1983 claim. *See* 42 U.S.C. § 1997e. However, "failure to exhaust is an

affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Although dismissal is appropriate if the plaintiff's failure to exhaust administrative remedies is apparent from the face of her complaint, *see Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017), that is not the case here. Rodriguez states that she promptly reported Moubray's conduct to the appropriate staff at F.C.C.W. and received a letter from the facility's PREA Compliance Manager on January 29, 2025, stating that her claims had been investigated and substantiated. (Compl. ¶ 6.) Those allegations suggest that Rodriguez may have exhausted her administrative remedies; they certainly do not reveal a failure to exhaust.

For these reasons, the court will deny Moubray's motion to dismiss Rodriguez's § 1983 claim.

### B. State-Law Claims

Moubray asks the court to dismiss Rodriguez's sexual abuse claim because the complaint fails to identify the elements of that claim. (Mot. to Dismiss at 4; Def.'s Mem. at 6.) He notes that the sexual abuse count cites only to the Va. Code provision that establishes the statute of limitations for sexual abuse actions. (*Id.*; *see* Compl. ¶ 10 (citing Va. Code Ann. § 8.01-243(D2)).) Both the sexual abuse count and the assault and battery count are pled in a conclusory fashion; the complaint fails to allege the required elements of either cause of action under Virginia law. (*See* Compl. ¶¶ 10–13.) Accordingly, the court will dismiss the two state-law counts without prejudice and grant Rodriguez leave to amend to correct the pleading deficiencies.

## IV. Conclusion

For the foregoing reasons, the court will **GRANT in part** and **DENY in part** Moubray's motion to dismiss. (Dkt. 5.) The court will **DENY** the motion as to the § 1983 claim. The court will **GRANT** the motion as to the claims for sexual abuse and assault and battery. Those claims will be **DISMISSED without prejudice**. The court will **GRANT** Rodriguez leave to amend her complaint within **21 days** of the date of the accompanying Order. If she does not file an amended complaint by that date, the court will dismiss the two state-law claims with prejudice.

An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 14th day of October, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE